UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EAF WORLD LLC,** a New York
limited liability company,
company,

      Plaintiff,

v.                                    Case No. _____

**TWO FOOLS, LLC d/b/a FLUTE & DRAM,**
a Florida limited liability company,
**GREGORY R. HADDAD,** an individual, and
**ANTHONY M. MANGIAFICO,** an individual,

      Defendants.
_____/

## COMPLAINT

      EAF World LLC ("Plaintiff"), for its Complaint ("Complaint") against Two Fools LLC DBA Flute & Dram ("Flute"), Gregory R. Haddad ("Haddad"), and Anthony M. Mangiafico ("Mangiafico") (with Flute, Haddad, and Mangiafico collectively referred to as "Defendants"), alleges as follows:

### SUMMARY OF THE CASE

      1.     Plaintiff brings this lawsuit against Defendants for trademark infringement and unfair competition for Defendants' intentional misuse of Plaintiff's trademarks in connection with marketing Defendants' services.

      2.     To remedy Defendants' intentional misconduct, Plaintiff seeks, among other relief, damages and a permanent injunction barring Defendants from using any of Plaintiff's intellectual property.

## JURISDICTION AND VENUE

3.      This civil action for trademark infringement and unfair competition is authorized pursuant to the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

5.      This Court has personal jurisdiction over Defendants because they reside in the State of Florida.

6.      This Court has personal jurisdiction over Defendants in this action under, *inter alia*, § 48.193(1)(a), Fla. Stat. because Defendants operate, conduct, engage in, and carry on a business in the state of Florida.

7.      Venue in this Court is proper under 28 U.S.C. § 1391 as Defendants reside, solicit, transact, and/or are doing business within this District and are subject to personal jurisdiction in this District.

## PARTIES

8.      Plaintiff is, and was at all relevant times, a New York limited liability company with a business address of 205 West 54th Street, New York, New York 10019.

9.      Flute is a Florida limited liability company with a principal mailing address of 234 Beach Drive, St. Petersburg, Florida 33701.

10.     Haddad is an individual who is a Manager of Flute and conducts business at 234 Beach Drive, St. Petersburg, Florida 33701.

11. Mangiafico is an individual who is a Manager of Flute and conducts business at 234 Beach Drive, St. Petersburg, Florida 33701.

12. Upon information and belief, Defendants Haddad and Mangiafico are Managing Members of the Defendant Flute; have the capacity to control the acts of Defendant Flute; supervise and have the ability to supervise the acts of infringement alleged against Defendant Flute; have induced, caused and/or are a motivating force behind the infringing activity set forth herein; and have a financial interest in and/or actually participated in the infringing activity. Upon information and belief, Plaintiff believes that Haddad and Mangiafico are agents and/or employee of Flute, and at all relevant times herein, acted within the course and scope of such agency and/or employment.

## **GENERAL ALLEGATIONS**

13. Plaintiff is known throughout the United States and world for its quality bar services.

14. Since at least as early as 1997, and long prior to any date upon which Defendants may rely, Plaintiff has owned and operated a champagne bar under the "FLUTE" trademark ("FLUTE Trademark"), located at 205 West 54th Street, New York, New York 10019.

15. Plaintiff has opened and operated seven bars under the FLUTE Trademark in the United States and worldwide, including one in Miami Beach, Florida.

16. Since 1998, Plaintiff has owned U.S. Trademark Registration No. 2,204,455 for the FLUTE Trademark in connection with "bar services" in International Class 42 (the "FLUTE Registration").

17. The FLUTE Registration is in full force and effect and has become incontestable in accordance with §§ 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b). A true and accurate copy of the Registration Certificate for the FLUTE Registration is attached hereto as **Exhibit 1**.

18. Over the years, Plaintiff has focused on ensuring superior quality of its services in order to build long-term goodwill associated with the FLUTE Trademark.

19. Plaintiff has extensively marketed and offered its services under Plaintiff's FLUTE Trademark in Florida, throughout the United States, and throughout the world.

20. Plaintiff has invested substantial amounts of money, time, and effort to advertise its services bearing Plaintiff's FLUTE Trademark widely to the purchasing public, long before Defendants' acts complained of herein.

21. Since long prior to the acts of Defendants complained of herein, Plaintiff's FLUTE Trademark has been readily recognizable by the public as associated exclusively with Plaintiff. The purchasing public generally associates and identifies Plaintiff's FLUTE Trademark with the highest reputation and quality of Plaintiff's services.

22.     Plaintiff's FLUTE Trademark indicates the origin of Plaintiff's services and is relied upon and recognized by the public as a symbol of and assurance as to the quality of Plaintiff's services. As a result, Plaintiff's FLUTE Trademark has acquired substantial goodwill and is an extremely valuable asset.

## DEFENDANTS' INFRINGING AND UNLAWFUL ACTIVITIES

23.     Plaintiff discovered that Defendants are using the mark "FLUTE & DRAM" (the "Infringing Trademark") to advertise Defendants' champagne bar located at 234 Beach Drive, St. Petersburg, Florida 33701.

24.     Defendants utilize the Infringing Trademark in commerce, including on Defendants' website (https://flutendram.com/). See **Exhibit 2.**

25.     Defendants' services under the Infringing Trademark are identical to Plaintiff's services under the FLUTE Trademark.

26.     Defendants are well aware of the strength of Plaintiff's FLUTE Trademark and the incalculable goodwill associated with that brand.

27.      Plaintiff recently discovered an article where Defendants admit Flute was "inspired by a trip to New York City" and "perhaps" to Plaintiff's "real deal" bar. **See Exhibit 3.**

28.     Notwithstanding that knowledge, and indeed because of that knowledge, Defendants improperly used, and continue to improperly use, the Infringing Trademark without Plaintiff's express permission, consent, and authorization.

29. Defendants' repeated and unauthorized use of the Infringing Trademark violates Plaintiff's trademark rights by, *inter alia*, creating confusion in the marketplace and encroaching upon Plaintiff's exclusive rights to Plaintiff's FLUTE Trademark.

30. Defendant's Infringing Trademark is confusingly similar to Plaintiff's FLUTE Trademark because, among other things: (a) the Defendants' "FLUTE & DRAM" trademark is nearly identical to Plaintiff's FLUTE Trademark in terms of appearance, sound, connotation, and overall commercial impression; (b) the services are related as both marks are used in connection with bar services, which are specifically tailored for adults who drink champagne; (c) the channels of trade are the same or highly similar; (d) the consuming class is the same or highly similar as it is adults over the age of 21-years old; and (e) the advertising channels are the same or highly similar because Plaintiff and Defendants advertise online.

31. Defendants' use of the Infringing Trademark is designed to and is likely to cause confusion and mistake, to deceive customers and prospective customers as to the origin or sponsorship of Defendants' services, and to cause them to falsely believe that Defendants' services are the services of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public. Defendants' continued and improper use of the Infringing Trademark is willful.

32. Plaintiff has been damaged by Defendants' acts of infringement.

33. Defendants' acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

34. Plaintiff has no adequate remedy at law.

35. Defendants' activities amount to trademark infringement and unfair competition.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. §§ 1114-1117; Lanham Act § 32

36. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 35 of the Complaint as if fully rewritten herein.

37. Plaintiff has used and continues to use Plaintiff's FLUTE Trademark in commerce in connection with Plaintiff's services.

38. Despite Defendants' constructive notice of Plaintiff's ownership of the FLUTE Trademark under 15 U.S.C. § 1072, Defendants have used and continue to use the Infringing Trademark in commerce without Plaintiff's consent in connection with the sale and advertisement of Defendants' services.

39. Defendants' acts of willful trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to Plaintiff and consumers, and are in violation of 15 U.S.C. § 1114.

40. Defendants' acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff.

41. As a direct and proximate result of Defendants' infringing activities, Plaintiff is entitled to recover all of Defendants' unlawful profits, Plaintiff's damages, Plaintiff's costs, and treble damages under 15 U.S.C. § 1117(a).

42. Defendants' infringement is exceptional and intentional, entitling Plaintiff to attorney fees under 15 U.S.C. § 1117(a).

43. Further, Defendants' past and continuing infringement of Plaintiff's registered FLUTE Trademark has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendants will continue to commit such acts of infringement. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT II: UNFAIR COMPETITION
## 15 U.S.C. § 1125(a); Lanham Act § 43(a)

44. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1 through 35 of the Complaint as if fully rewritten herein.

45. Defendants' infringing use of the FLUTE Trademark tends falsely to describe its services within the meaning of 15 U.S.C. § 1125(a)(1).

46. Defendants are using the Infringing Trademark in order to confuse the public into believe that Defendants' services have been authorized, licensed, or sponsored by Plaintiff.

47.  The public and/or any consumer of Plaintiff's services viewing Defendants' brand name, business materials, website, and/or social media amounts, would likely purchase Defendants' services based upon the misperception that Defendants are somehow affiliated with Plaintiff.

48.  Defendants' conduct is likely to cause confusion, mistake, or deception, and have already caused confusion, mistake, and deception, as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants and Defendants' services by or with Plaintiff and Plaintiff's services and thus, constitute unfair competition, false designation of origin, and/or false description or representation in violation of 15 U.S.C. § 1125(a)(1).

49.  As a direct and proximate result of Defendants' infringing activities, Plaintiff is entitled to recover all of Defendants' unlawful profits, Plaintiff's damages, Plaintiff's costs, and treble damages under 15 U.S.C. § 1117(a).

50.  Defendants' infringement is exceptional and intentional, entitling Plaintiff to attorney fees under 15 U.S.C. § 1117(a).

51.  Further, Defendants' past and continuing infringement of Plaintiff's FLUTE Trademark has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendants will continue to commit such acts of infringement. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff is entitled to, and hereby demands, judgment in its favor and against Defendants, jointly and severally, and relief as follows on all Counts of this action:

(A) That this Court will adjudge that Plaintiff's FLUTE Trademark has been infringed, as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of the Infringing Trademark, in violation of Plaintiff's rights under federal law;

(B) That this Court will adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights under federal law;

(C) That Defendants, their agents, servants, employees, attorneys, representatives, successors, and assigns be enjoined and restrained preliminarily and permanently from displaying, advertising, or promoting any goods or services using any words, symbols, or designs that so resemble Plaintiff's FLUTE Trademark as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Plaintiff;

(D) That Defendants, their agents, servants, employees, attorneys, representatives, successors, and assigns be enjoined and restrained preliminarily and permanently from competing unfairly with Plaintiff in any manner;

(E)  That Defendants be required to transfer any and all applicable social media accounts and domain names registered by Defendants (directly or indirectly), containing the Infringing Trademark, or any confusingly similar variations thereof (including [https://flutendram.com/](https://flutendram.com/));

(F)  That Defendants be required to recall and deliver up for destruction all goods, boxes, labels, signs, prints, packages, wrappers, advertisements, and other written or printed material in the possession or control of Defendants which bear the Infringing Trademark and/or Plaintiff's FLUTE Trademark, including but not limited to any formative variations or phonetic or foreign equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any mark similar thereto or likely to be confused therewith, alone or in combination with any other word or element, along with all materials and other means used in making the aforesaid items;

(G)  For an accounting to be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to Plaintiff;

(H)  For an Order awarding Plaintiff recovery of all damages it sustained as a result of Defendants' activities;

(I)  For an Order awarding Plaintiff treble damages and costs;

(J)  For an Order awarding Plaintiff pre-judgment and post-judgment interest on each and every damage award;

(K)  For an Order awarding Plaintiff attorney fees pursuant to 15 U.S.C. § 1117(a); and

(L)  For such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff EAF World LLC hereby demands a jury trial by jury as to all issues triable of right by jury.

Dated: February 24, 2026                Respectfully submitted,

/s/ Oliver Alan Ruiz
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Cleo Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*and*

Todd A. Fichtenberg (OH Bar #0088176)
*Pro Hac Vice Pending*
EMERSON THOMSON BENNETT, LLC
3841B Attucks Drive
Powell, OH 43065
(330) 434-9999 | telephone
(330) 434-8888 | facsimile
taf@etblaw.com

*Attorneys for Plaintiff*